IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| KYLE CAMPBELL | § |
| VS. | §   CIVIL ACTION NO. 1:05cv464 |
| DOUG DRETKE | § |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kyle Campbell, an inmate confined at the Ellis I Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.  This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues that the Report does not consider the mailing dates and associated mail delays concerning his state application for writ of habeas corpus.  However, after careful

consideration, the court concludes petitioner's objections are without merit and should be overruled.

Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1999), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir.2002).

The basic principles of equitable tolling were discussed in *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir.1999):

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards.

*Id.* at 514. A prisoner is not entitled to equitable tolling for the seven week gap between the date he submitted a state petition for post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman*, 184 F.3d 398. Mail delays are both usual and foreseeable, and therefore will not support the application of equitable tolling. *E.g. Kangas v. Dretke*, 100 Fed. Appx. 977 (5th Cir.2004).

In the present case, the petitioner has not shown that he was actively misled by the respondent in order to warrant equitable tolling or that he was prevented in some extraordinary way from asserting his rights. While petitioner states he suffers from Post-Traumatic Stress Disorder, he has not stated that his condition caused any delay in the filing of his petition. The petitioner has not shown that he is entitled to equitable tolling for any legitimate reason. Consequently, the Court must conclude that the petition is barred by the one year statute of limitations.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **3** day of **March, 2006.**

---
Ron Clark, United States District Judge